IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANK DAYS                              §
(Previous TDCJ No. 2004027),            §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §          No. 3:17-cv-192-G-BN
                                        §
DEANNA BRANNON, ET AL.,                 §
                                        §
            Defendants.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frank Days, at the time a Texas prisoner, filed this *pro se* action against Texas Department of Criminal Justice ("TDCJ") officials and employees related to his participation in a program while incarcerated. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The Court granted Days leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. Days filed a verified response to the Court's screening questionnaire. *See* Dkt. No. 7. And, less than two months later, Days was released from incarceration. *See* Dkt. Nos. 8 & 10 (notices of change of address).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice.

**Applicable Background**

Days alleges that his character was defamed when he was falsely accused of

-1-

violating institutional rules, which resulted in his being "unjustifiably kicked out/ejected from the [prison entrepreneurship program ("PEP")]. Dkt. No. 2 at 7. He was therefore, he contends, "denied an educational opportunity [that] would have been very valuable to [his] integration back into society." *Id.* He seeks monetary damages and declaratory and injunctive relief. *See id.* at 7, 9.

Asked to "state, as specifically as possible, how the actions of defendants ... violated [his] constitutional rights," Days responded that no defendant "took corrective measures to resolve this issue": his being "ejected from an education class that [he] fought so hard to attend." Dkt. No. 7 at 3. He further states that it was against his religion to participate in aspects of the PEP, which he contends violated his "first amendment religion" and "due process rights" and subjected him to "cruel/unusual treatment/punishment." *Id.* (emphasis omitted).

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court

may summarily dismiss any complaint filed IFP (not limited to complaints filed by prisoners seeking relief from a governmental entity or employee) for the same reasons.

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

In conducting the failure-to-state-a-claim analysis, "it is clearly proper ... to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008).

Although a court generally cannot look beyond the pleadings to determine whether claims should be dismissed, the pleadings here include the verified response to the Court's screening questionnaire [Dkt. No. 7], which is now "part of [Days's] pleadings," *Talib*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)). Through the use of questionnaires – approved "to aid in the determination of whether an IFP complaint is frivolous" – a court is able to "'focus[] precisely on [the] factual allegations, puncturing the conclusion balloon in which they may at first be lodged.'" *Id.* (quoting *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)).

And verified responses to questionnaires promote efficient screening of claims by allowing a plaintiff leave to amend his allegations to plead his best case. As to pleading a plaintiff's best case, the United States Court of Appeals for the Fifth Circuit

recently observed that "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint[ – such as the facts, as alleged, are conclusory. And a] plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, ___ F. App'x ____, No. 17-30033, 2017 WL 4479425, at *2 (5th Cir. Oct. 6, 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted); *cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Taking first Days's requests for declaratory and injunctive relief, his release from TDCJ custody moots those claims "and the possibility of his [reincarceration] is too speculative to warrant relief." *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (per curiam) (citing, respectively, *Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a

-5-

reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").

Days's principal allegation is that actions taken by the defendants that resulted in his not being allowed to participate in the PEP program "denied [him] an educational opportunity [that] would have been very valuable to [his] integration back into society." Dkt. No. 2 at 7. Liberally construed, this factual allegation would seem to support his claim that he was denied due process – as, for example, "[a] plaintiff who brings a substantive due process claim must: (1) 'allege a deprivation of a constitutionally protected right;' and (2) demonstrate that the government action is not 'rationally related to a legitimate governmental interest.'" *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (quoting *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006)).

But, "[i]n order to state a constitutional claim for either a procedural or substantive due process violation, [Days] must demonstrate that he was 'denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution.'" *Barber v. LaBlanc*, Civ. A. No. 12-2666-P, 2015 WL 4405370, at *2 (W.D. La. July 16, 2015) (quoting *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000)). And it is established that "[a] state has no constitutional obligation to provide educational or vocational programs for prisoners." *Esparza v. Deputy*, 20 F.3d 469, 1994 WL 122158, at *1 (5th Cir. Mar. 25, 1994) (per curiam) (citing *Newman v. State of Alabama*, 559 F.2d 283, 292 (5th Cir. 1977), *rev'd in part on other grounds sub nom.*, *Alabama v. Pugh*, 438 U.S. 781 (1978)).

And, regarding his assertions that not being able to participate in the PEP program somehow violated his "first amendment religion" and subjected him to "cruel/unusual treatment/punishment," Days has not carried his "burden ... to frame '[these claims] with enough factual matter (taken as true) to suggest' that he ... is entitled to relief.'" *Robbins v. State of Oklahoma ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). As to these claims, therefore, Days fails "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Finally, to the extent that Days alleges that TDCJ employees' handling of his grievances is grounds for relief in a civil rights action, *see* Dkt. No. 2 at 4-6 & Dkt. No. 7 at 3, the Fifth Circuit has held that inmates do not have a constitutionally-protected interest in having grievances resolved to their satisfaction, *see Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

For these reasons – and because Days has been afforded the opportunity to plead his best case through his verified response to the screening questionnaire, *see Nixon*, 589 F. App'x at 279; *Wiggins*, 2017 WL 4479425, at *2 – this action should be dismissed with prejudice. Further, to the extent that Days will contend that the screening

questionnaire did not identify all the deficiencies in his original complaint, these findings, conclusions, and recommendation do, so the period for filing objections to them affords Days a second opportunity to amend. And, if he fails to correct the identified deficiencies, this action should be dismissed with prejudice.

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE